THE ATTORNEY GENERAL'S OFFICE HAS RECEIVED YOUR REQUEST FOR AN OFFICIAL OPINION REGARDING THE APPLICATION OF TITLE 47 O.S. 2-307.3 (1990) TO THE PURCHASE OF PREVIOUS MILITARY POLICE TIME BY OLERS MEMBERS. AS YOU ARE AWARE, THE ATTORNEY GENERAL'S OFFICE WILL NOT ISSUE A FORMAL OPINION ON A MATTER WHICH IS THE SUBJECT OF A PENDING ADMINISTRATIVE REVIEW. MY UNDERSTANDING FROM YOUR LETTER IS THAT THIS ISSUE WAS PRESENTED TO THE BOARD IN AUGUST AND YOU PRESENTLY HAVE TWO MORE REQUESTS FOR AN ADMINISTRATIVE REHEARING ON THE SUBJECT.
THE OKLAHOMA LAW ENFORCEMENT RETIREMENT BOARD FUNCTIONS AS A QUASI JUDICIAL BODY WHEN IT MAKES DETERMINATIONS REGARDING THE APPLICATION OF THE OKLAHOMA LAW ENFORCEMENT RETIREMENT ACT TO SPECIFIC FACT SITUATIONS. THE BOARD HAS AUTHORITY TO INTERPRET ITS STATUTE AND MAKE DETERMINATIONS BASED UPON THEIR INTERPRETATION OF THE LAW. AS I STATED IN AN EARLIER LETTER TO SECRETARY WEYHRICH, AN AGENCY'S CONSISTENT INTERPRETATION OF ITS STATUTE IS CONSIDERED TO BE PERSUASIVE. HOOVER V. BRACKEN ENERGIES. INC. V. U.S. DEPARTMENT OF INTERIOR, 723 F.2D 1488 (10TH CIR. 1983), CERT. DENIED,105 S.CT. 93; CLINKENBEARD V. FRAZIER, 582 P.2D 413 (OKL. APP. 1978). IT IS INAPPROPRIATE FOR THE ATTORNEY GENERAL'S OFFICE TO USURP THE BOARD'S RESPONSIBILITY IN INTERPRETING ITS STATUTE, ESPECIALLY WHEN MATTERS ARE PENDING BEFORE THE BOARD.
FOR THE ABOVE REASONS, THE ATTORNEY GENERAL'S OFFICE AGAIN DECLINES TO RENDER A FORMAL OPINION ON THIS MATTER. FROM YOUR LETTER IT APPEARS THAT IN YOUR REGULARLY SCHEDULED MEETING ON AUGUST 9, 1990, THE BOARD DETERMINED THAT AN APPLICATION FOR PURCHASE OF MILITARY POLICE TIME SHOULD BE DENIED BECAUSE 47 O.S. 2-307.3 (1990) DOES NOT PROVIDE FOR THE PURCHASE OF MILITARY POLICE TIME. THE BOARD HAS APPARENTLY DENIED TWO MORE REQUESTS FOR THE PURCHASE OF MILITARY POLICE TIME. AS YOUR LIAISON ATTORNEY, I DO NOT FIND THE BOARD'S INTERPRETATION TO BE CONTRARY TO THE OLERS ACT OR THE GENERAL RULES OF STATUTORY CONSTRUCTION.
(RACHEL LAWRENCE-MOR)